UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   MARY SINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number:  13-cv-785-GKF-PJC |
| | ) | (*formerly Tulsa County District* |
| (2)   PROGRESSIVE DIRECT | ) | *Court Case No. CJ-2013-03144*) |
| INSURANCE COMPANY, a Foreign | ) | |
| for Profit Insurance Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Progressive Direct Insurance Company ("Progressive"), hereby removes the above-captioned action from the District Court of Tulsa County, State of Oklahoma, to this Court. Pursuant to LCvR 81.2, a copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBITS 1-5**.

The removal of this case to federal court is based on the following:

### INTRODUCTION

1. Plaintiff, Mary Singleton ("Plaintiff"), commenced this action against Fred Dentis ("Dentis") and Progressive in the District Court of Tulsa County, State of Oklahoma (Case No. CJ-2013-03144), on July 3, 2013. (*See* Petition, attached as **EXHIBIT 2**.)

2. On November 12, 2013, Plaintiff dismissed her claims against Dentis with prejudice. (*See* Plaintiff's Dismissal of Claims Against Defendant Fred Dentis With Prejudice, attached as **EXHIBIT 3**.) Plaintiff never served Dentis with a copy of the Summons and Petition. (*See* State Docket Sheet, attached as **EXHIBIT 1**.)

3. On November 20, 2013, Plaintiff allegedly served The Corporation Company with a Summons and Petition attempting to obtain service on Progressive Direct Insurance Company. (*See* Summons, attached as **EXHIBIT 4**.)[1]

4. Plaintiff's Petition alleges that on September 29, 2011, she was involved in an automobile accident with Dentis in which she sustained serious bodily injury. (*See* Petition, p. ¶¶ 7 – 8, **EXHIBIT 2**.)

5. Plaintiff's Petition also alleges Dentis was insured with an insurance policy with liability limits of $25,000.00. (*See* Petition, p. 2, ¶ 10, **EXHIBIT 2**.) Plaintiff further alleges that at the time of the subject accident, she maintained an uninsured/underinsured ("UIM") motorist insurance policy with Progressive providing $100,000.00 in UIM benefits. (*See* Petition, p. 2, ¶ 11, **EXHIBIT 2**.)

6. Plaintiff's Petition further alleges that the value of her claim clearly exceeds $25,000.00, and that she "made due demand on Defendant Progressive for payment of the uninsured/underinsured motorist coverage policy benefits." (*See* Petition, p. 2, ¶¶ 11 – 13, **EXHIBIT 2**.) In fact, on November 30, 2012, Plaintiff, through her counsel, made a demand for the policy limits ($100,000.00) of her UIM policy. Plaintiff's demand asserted Plaintiff's claim "will far exceed the combined total coverage of the tortfeasor and Ms. Singleton's uninsured motorist policy." (*See* Correspondence from David Warta to Progressive, dated November 30, 2012, attached as

---

[1] Progressive is a "foreign" insurer in the state of Oklahoma. Therefore, pursuant to 36 O.S. § 621, Plaintiff should have served a copy of the Summons and Petition on the Oklahoma Insurance Commissioner. Accordingly, Progressive has filed a Special Appearance and Motion to Quash in state court, which is still pending. (*See* Special Appearance and Motion to Quash of Progressive Direct Insurance Company, attached as **EXHIBIT 5**.) Progressive, by filing this removal, does not waive its sufficiency of process defense or any other affirmative defense. (*See Kiro v. Moore*, 229 F.R.D. 228, 231 (D.N.M 2005) (citing *Phillips v. Mfrs Trust Co.*, 101 F.2d 723, 727 (9th Cir. 1939); *Ditkof v. Owens – Ill., Inc.*, 114 F.R.D., 105 (E.D. Mich. 1987)).

**EXHIBIT 6**.)  Plaintiff's Petition also alleges that despite her demand, Progressive failed to tender benefits under the applicable policy of insurance.[2]  (*See* Plaintiff's Petition, p. 2, ¶ 16, **EXHIBIT 2**.)

7.  According to Plaintiff, Progressive's alleged failure to tender the applicable UIM benefits was a breach of the applicable insurance contract and was breach of the implied covenant of good faith and fair dealing.  (*See* Petition, pp. 3 – 4, ¶¶ 23 – 24, **EXHIBIT 2**.)

8.  Plaintiff's Petition alleges that as a result of Progressive's "breach of contract and breach of implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of insurance policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship, all of which are in excess of ten thousand dollars ($10,000.00)."  (*See* Petition, p. 5, ¶ 25, **EXHIBIT 2**.)

9.  Finally, Plaintiff alleges Progressive's conduct warrants the imposition of punitive damages.  (*See* Petition, p. 5, ¶ 27, **EXHIBIT 2**.)

## COMPLETE DIVERSITY EXISTS

"'Federal are courts of limited jurisdiction.  They possess only the power authorized by the Constitution and statute . . . .'" *Razul v. Burth*, 542 U.S. 466, 489 (2004) (quoting *Kokonen v. Guardian Life Ins. Co. of America*, 511 U.S. 475, 377 (1994)).  For a federal court to have original jurisdiction of a case or controversy, there must exist a federal question or diversity jurisdiction.  Generally, jurisdiction depends upon the state of things at the time of filing. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004).  Title 28 U.S.C. 1446, however, provides in pertinent part:

> [I]f the case stated by the initial pleadings is not removable, a notice of removal may be filed within 30 days after receipt by the defendant,

---

[2] Despite Plaintiff's allegations otherwise, Progressive tendered policy limits prior to the initiation of this lawsuit.

3

> through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is on which is or has become removable.

28 U.S.C. § 1446(b)(3).

This case was not removable when Plaintiff filed her Petition in Tulsa County. Federal question jurisdiction did not exist, as Plaintiff's Petition does not contain allegations that the Constitution or any federal statute had been violated. Therefore, for this case to be removable, diversity jurisdiction must exist. Although at the time of filing, complete diversity did not exist, Plaintiff's <u>voluntary</u> dismissal of Dentis created complete diversity and made this case removable.

More specifically, at the time of filing, the relevant time period, upon information and belief, Plaintiff was a resident and citizen of the State of Oklahoma. (*See* Petition, p.1, ¶ 1, **EXHIBIT 2**; *see also* Declarations Page, **EXHIBIT 7**.) Plaintiff was not a citizen of the State of Ohio.

At the time of filing, the named Progressive entity was a foreign corporation, incorporated under the laws of the State of Ohio with their "nerve center" or "principal place of business" in Ohio. (*See* Annual Statement of Progressive Direct Insurance Company, attached as **EXHIBIT 8**.) For purposes of removal under 28 U.S.C. § 1441, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c). While Congress never defined exactly what is a "principal place of business," the Supreme Court has unanimously held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). Therefore, for removal purposes, Progressive was a citizen of the State of Ohio. Progressive was not a citizen of the State of Oklahoma.

It is undisputed that Plaintiff and Progressive are completely diverse. Thus, with the dismissal of Dentis, the diversity requirement of 28 U.S.C. § 1332 is met.

4

## THE AMOUNT IN CONTROVERSY EXCEEDS THAT
## REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

Diversity jurisdiction also requires the removing party to demonstrate the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. This requirements is also met.

A plaintiff "should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement." *Morgan v. Gay*, 471 F.3d 469, 477 (3d Cir. 2006). If a plaintiff asserts his damages are less than those required for diversity jurisdiction, removal is proper if the defendant can demonstrate plaintiff's recovery *could* exceed the amount required for diversity. *See Coco-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*, 198 F.Supp.2d 1280, 1285 (D.Kan. 2002); *See also Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, No. 04-6154, 149 Fed.Appx. 775, 776 (10th Cir. September 8, 2005) (unpublished) (stating removal is proper if the defendant identifies "allegations in the petition establishing the amount in controversy or 'set forth in the notice of remove itself, the '*underlying facts*' supporting [the] assertion that the amount in controversy exceeds $50,000.00 [now $75,000.00].'").

In the Tenth Circuit, when the plaintiff's petition does not explicitly set out the amount that the plaintiff seeks to recover, the burden is on the defendant establish the jurisdictional prerequisite is satisfied. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). "The removing party must establish the amount in controversy by a preponderance of the evidence." *Id.* The defendant "may rely on other documents, such as discovery requests, affidavits, or other 'summary-judgment type evidence' that may be in defendant's possession." *Garner v. Equilon Pipeline Co., LLC*, No. 08-CV-0777-CVE-FHM, 2009 WL 661399, at *4 (N.D. Okla. March 12, 2009) (citing *McPhail*, 529 F.3d at 956). This court has stated "[p]re-complaint settlement demand letters may be relied upon in proving the amount in controversy for jurisdictional purposes." *Maddox v. Delta Airlines, Inc.*, No.

5

10-CV-00456-CVE-PJC, 2010 WL 3909228, at *3 (N.D. Okla. Sept. 29, 2010); *see also Archer v. Kelly*, 271 F.Supp.2d 1320, 1324 (N.D. Okla. 2003)(stating "[t]he pre-suit written settlement demand in this matter gave defendants knowledge that the amount in controversy exceeded $75,000").

Plaintiff's Petition asserts she made a demand upon Progressive for the benefits she believes she was entitled to under the relevant UIM policy. (*See* Petition, p. 2, ¶ 13, **EXHIBIT 2**.) Plaintiff's Petition also asserts she seeks to recover for the "loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment[,] medical expenses and financial hardship, all of which are in excess of ten thousand dollars ($10,000.00)." (*See* Petition, p. 5, ¶ 25, **EXHIBIT 2**.)

As can be seen, her Petition does not explicitly state she intends to seek greater than $75,000.00 from Progressive. Plaintiff's pre-suit demand, however, demonstrates she believes her breach of contract claim has a value in excess of $75,000.00. More specifically, Plaintiff's pre-suit demand sought the UIM policy limits of $100,000.00. (*See* Correspondence from David Warta to Progressive, dated November, 2012, **EXHIBIT 6**.)

Defendant anticipates Plaintiff will assert the requisite amount in controversy does not exist because Progressive tendered policy limits hours before she filed suit, and therefore, her breach of contract claim cannot be used to satisfy the amount in controversy requirement. However, Plaintiff has not dismissed her breach of contract claim, and therefore, it remains at issue in this matter. As the United States Supreme Court stated:

> Of course, if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow. But the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement, will not justify remand.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

As can be seen, nothing on the face of Plaintiff's Petition demonstrates that the matter could not involve the necessary amount for diversity jurisdiction. Plaintiff's pre-suit demand for policy limits placed at least $100,000.00 at controversy. The fact that Progressive has a valid defense – it has already tendered policy limits to Plaintiff – does not justify remand. *See St. Paul Mercury Idemn. Co.*, 303 U.S. at 292. Thus, Plaintiff's breach of contract claim alone establishes the requisite amount in controversy.

Further still, Plaintiff's request for punitive damages demonstrates more than $75,000.00 is at controversy in this matter. More specifically, Plaintiff alleges Progressive violated its duty to act in good faith and fair dealing, *i.e.*, the tort of bad faith. (Plaintiff's Petition, pp. 3 – 4, ¶¶ 23-24, **EXHIBIT 2**.) Plaintiff's Petition also alleges Progressive acted "intentionally, maliciously and in reckless disregard for the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against the Defendant [Progressive] for these actions." (Plaintiff's Petition, p.5, ¶ 27, **EXHIBIT 2**.)

Under Oklahoma law, a plaintiff may seek punitive damages for the tort of bad faith. *Christian v. Am. Home Insruance Co.*, 1977 OK 141, ¶ 25, 577 P.2d 899, 904. When punitive damages are alleged, the Court may consider those damages in determining whether the requisite amount in controversy exists. The Seventh Circuit has stated:

> [w]here punitive damages are required to satisfy the jurisdictional amount in a diversity case, a two-part inquiry is necessary. The first question is whether punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction unless it is clear "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount."

*Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (quoting *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995)); *See also Woodmen of World Life Ins.*

7

*Society v. Mangarnaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("Punitive damages may be considered in determining the requisite jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("if punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied."); *Kahal v. J.W. Wilson & Associates, Inc.*, 673 F.2d 547, 548 (D.C. Cir. 1982) ("A Court must consider claims for both actual and punitive damages in determining jurisdictional amount."); *Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that under a specific Georgia punitive damages statute it was possible for a jury to award an amount above the minimum amount in controversy requirement, and therefore, federal jurisdiction existed).

In the present case, punitive damages have been alleged and are allowed by state law. Therefore, as stated in *Del Vecchio*, the question is whether "it is clear beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." 230 F.3d at 978 (internal quotations omitted). The answer to this question *must* be no.

In Oklahoma, punitive damages are controlled by statute. *See* 23 O.S. § 9.1. There are three categories of punitive damages. Each category increases the amount a plaintiff can potentially recover. Plaintiff's Petition alleges facts that could implicate Categories I and II. Category I punitive damages allows a jury upon finding that an insurer "recklessly disregarded its duty to deal fairly and act in good faith with its insured[,]" to award punitive damages in an amount not to exceed the greater of $100,000, or the amount of actual damages awarded. 23 O.S. § 9.1(B). Category II punitive damages allows a jury upon a finding that the "insurer has intentionally and with malice breached its duty to deal fairly and act in good faith with its insurerd[,]" to award punitive damages

in an amount not to exceed the greater of $500,000.00, or double the amount of actual damages awarded." 23 O.S. § 9.1(C). Thus, the mere act of alleging punitive damages placed, at a minimum, $100,000.00 at controversy.

Progressive has demonstrated to a preponderance of the evidence that Plaintiff seeks to recover in excess of $75,000.00. Therefore, the amount in controversy requirement is also met.

### REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

This Notice of Removal is timely filed. As shown above, 28 U.S.C. § 1446 requires that no more than 30 days pass since the action became removable in order for a defendant to remove an action to federal court. *See* 28 U.S.C. § 1446(a)(3) ("a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an . . . order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."). It is well established that "the removal period does not begin until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the fact.'" *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)).

As shown above, when this case was initially filed, it was not removable because complete diversity did not exist. But, by the time Plaintiff attempted to serve Progressive, this case had become removable. Plaintiff had voluntarily dismissed the non-diverse defendant. Accordingly, 30 days have not elapsed since this action became removable to this Court. (*See* Summons, dated November 20, 2013, **EXHIBIT 4**.) Additionally, Progressive has one year from the date of filing to remove this case, pursuant to 28 U.S.C. § 1446(b) ("a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action"). As set forth above, Plaintiff filed the present lawsuit on July 3, 2013. (*See* Petition, filed

on July 3, 2013, **EXHIBIT 2**.)  As such, one year has not elapsed since this action was commenced. Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

Next, Federal Statute requires that none of the parties served as Defendants be citizens of the State in which the action is brought.  *See* 28 U.S.C. § 1441(b).  As shown above, Progressive is not a citizen of Oklahoma, the State in which this action was brought.

Lastly, this Notice of Removal has been removed to the proper federal district court.  The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).  Currently, this action is pending in the District Court of Tulsa County, State of Oklahoma.  The Northern District of Oklahoma includes the County of Tulsa County.  *See* 28 U.S.C. § 116(a).  Therefore, removal to this Court is proper.

Pursuant to 28 U.S.C. § 1446(d), Progressive will serve written notice of the filing of this Notice of Removal upon Plaintiff.  As requested, Progressive has also filed a copy of the Notice of Removal with the Clerk of the District Court in and for Tulsa County, State of Oklahoma.

WHEREFORE, Defendant, Progressive Direct Insurance Company, removes this action from the District Court in and for Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

s/ Brad L. Roberson
Brad L. Roberson, OBA No. 18819
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:    405-606-3333
Facsimile:    405-606-3334
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David Arthur Warta
Donald Eugene Smolen II

s/ Brad L. Roberson
For the Firm