# EXHIBIT 2

*1021099425*

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

MARY SINGLETON, )
)
    Plaintiff, )  Case No. CJ-2013-03144
) Rebecca Brett Nightingale
v. )
) ATTORNEY LIEN CLAIMED
FRED DENTIS, )
)
and )
)
PROGRESSIVE DIRECT INSURANCE )
COMPANY, a foreign for profit )
corporation insurance, )
)
    Defendants. )

DISTRICT COURT
FILED
JUL 03 2013
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## PETITION

**COMES NOW** the Plaintiff, Mary Singleton, and for her causes of action against the Defendants, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Mary Singleton is a citizen of the State of Oklahoma and resident of Tulsa County.

2. Defendant Fred Dentis is, upon information and belief, a resident of Oklahoma domiciled in Tulsa County, Oklahoma.

3. Defendant Progressive Direct Insurance Company ("Progressive") is a foreign corporation insurance doing business in Oklahoma with substantial ties to Tulsa County, Oklahoma.

4. The acts and omissions giving rise to this lawsuit occurred in Tulsa County, Oklahoma.

1

5. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

## FACTS COMMON TO ALL CLAIMS

6. The preceding paragraphs are incorporated herein by reference.

7. On or around September 29, 2011, Plaintiff Mary Singleton was driving a vehicle insured by Defendant Progressive.

8. On that date, Defendant Dentis negligently caused a collision with Ms. Singleton's vehicle.

9. Plaintiff sustained serious bodily injury as a result of this accident.

10. Defendant Dentis had liability limits of $25,000.00.

11. Ms. Singleton's vehicle had uninsured/underinsured coverage through Defendant Progressive of $100,000.00.

12. The value of Plaintiff's claim clearly exceeds $25,000.00.

13. Plaintiff made due demand on Defendant Progressive for payment of the uninsured/underinsured motorist coverage policy benefits.

14. Defendant Progressive has unreasonably failed to pay the insurance policy benefits.

15. Plaintiff relied on Defendant Progressive to properly handle the claim(s) and make payment of the uninsured/underinsured motorist coverage afforded under the insurance policy. Plaintiff has made due demand on Defendant Progressive for payment of the policy benefits and otherwise met all of the conditions precedent for payment under the insurance policy.

16. To date, Defendant Progressive has failed to tender benefits under the applicable policy of insurance.

2

### (AS TO DEFENDANT DENTIS)
### COUNT I: NEGLIGENCE

17. The preceding paragraphs are incorporated herein by reference.

18. Defendant Dentis owed a duty to Plaintiff, and all other drivers and passengers on the road, to operate the vehicle under his control in a safe and reasonable manner, using ordinary care to prevent injury to other persons and to keep a lookout consistent with the safety of other vehicles.

19. By failing to operate the vehicle in such a way, and by acting recklessly with complete disregard for the health and well being of the Plaintiff and all others on the road, the Defendant breached the duty he owed to the Plaintiff.

20. This breach by the Defendant was the actual and proximate cause of the Plaintiff's injuries.

21. As a result of the Defendant's negligence, the Plaintiff has suffered personal injury, including medical expenses, mental and physical pain and suffering, and other actual damages in excess of $10,000.00.

22. Defendant Dentis is obligated to plaintiff for these injuries.

### (AS TO DEFENDANT PROGRESSIVE)
### COUNT I: BREACH OF CONTRACT/BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

23. The preceding paragraphs are incorporated herein by reference.

24. In its handling of Plaintiff's claim for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendant Progressive breached its duty to deal fairly and in good faith towards Plaintiff and others in the following respects:

a. Failing to pay Plaintiff the insurance benefits that she was entitled to under the policy at the time when Defendant knew the Plaintiff was entitled to those benefits;

b. Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

c. Refusing to honor Plaintiff's claim without legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

d. Unreasonably delaying payment of benefits and denying Plaintiff's claim for benefits without reasonable basis;

e. Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

f. Intentionally and recklessly misapplying the provisions of the insurance policy;

g. Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that it owed by virtue of the insurance contract;

h. Failing to properly investigate the Plaintiff's claim for benefits;

i. Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

j. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff;

k. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claim; and

4

25. As a direct result of Defendant Progressive's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment medical expenses and financial hardship, all of which are in excess of ten thousand dollars ($10,000.00).

26. Plaintiff has retained an attorney to prosecute this action and is thus entitled to a reasonable attorney fee as well as the costs expended in pursuit of this litigation.

27. Defendant has acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against the Defendant for these actions.

WHEREFORE, Plaintiff pray that this Court enter judgment against the Defendants, The Fred Dentis and Progressive Insurance, and grant her the relief sought including, but not limited to actual damages in excess of ten thousand dollars ($10,000.00), costs, pre-judgment interest, attorney's fees, punitive damages in excess of ten thousand dollars ($10,000.00), post-judgment interest, costs of the action and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

David A. Warta (OBA #20361)
Donald E. Smolen, II (OBA# 19944)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorneys for Plaintiff*