UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MARY SINGLTON,

    Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY, a Foreign For Profit Insurance Corporation,

    Defendant.

Case No. 13-CV-785-GKF-PJC

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

## AMENDED COMPLAINT[1]

COMES NOW the Plaintiff, Mary Singleton, and for her cause of action against the Defendant Progressive Direct Insurance Company ("Progressive), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Mary Singleton is a citizen of the State of Oklahoma and resident of Tulsa County.

2. Defendant Progressive Direct Insurance Company ("Progressive") is a foreign corporation insurance doing business in Oklahoma with substantial ties to Tulsa County, Oklahoma.

3. The acts and omissions giving rise to this lawsuit occurred in Tulsa County, Oklahoma.

4. Jurisdiction and venue are proper in Tulsa County, Oklahoma.

5. Plaintiff filed her initial Petition in Tulsa County District Court. *See* Petition, Dkt. # 2-2. Defendant removed this case to this Court on December 11, 2013. *See* Notice of Removal, Dkt. # 2. Plaintiff contested the jurisdiction of this Court and filed a motion to remand this case to Tulsa County District Court. *See* Motion to Remand, Dkt. # 14. This Court denied

---

[1] This Amended Complaint is filed with written consent of Progressive pursuant to Fed. R. Civ. P. 15(a)(2).

1

Plaintiff's motion to remand on September 9, 2014.  *See* Opinion and Order, Dkt. # 34. Thereafter, Plaintiff sought and obtained the consent of Progressive to amend as set forth below.

## STATEMENT OF FACTS

6. Paragraphs 1-5 are incorporated herein by reference.

7. On or around September 29, 2011, Plaintiff Mary Singleton was driving a vehicle covered by an insurance policy written by Defendant Progressive (the "Progressive policy").

8. On that date, a negligent driver ("Tortfeasor") caused a collision with Ms. Singleton's vehicle.

9. Plaintiff sustained serious bodily injury as a result of this accident and incurred extensive medical bills.

10. At the time of the accident, the Progressive policy included coverages for medical payments ("medpay") in the amount of $10,000.00 and uninsured/underinsured motorist ("UIM") benefits in the amount of $100,000.00, for the benefit of Plaintiff.

11. Shortly after the accident, Plaintiff made claims against the Progressive policy under both the medpay and UIM coverages, as her claim clearly exceeded the Tortfeasor's $25,000.00 liability limits.

12. On or around November 30, 2011, Plaintiff provided agents and/or representatives of Defendant with a copy of medical records and medical bills arising out of her above referenced injury.

13. Plaintiff made due demand on Defendant Progressive for payment of policy benefits.

14. Defendant Progressive unreasonably failed to timely and reasonably pay Plaintiff the policy benefits due under the applicable policy even though she had made due demand for payment

of policy benefits and otherwise met all conditions precedent for payment under the applicable policy of insurance.

15. Despite knowing that Plaintiff sustained a bodily injury covered under the applicable medpay and UIM coverage provisions, and that she incurred reasonable expenses related to her medical treatment and other significant damages, Defendant failed to timely provide the contracted benefits due to Plaintiff.

16. Plaintiff relied on Defendant to disclose, investigate, reasonably evaluate and make timely payment on her insurance claims pursuant to the aforementioned policy.

17. Defendant unreasonably failed and refused to pay timely benefits to Plaintiff under the applicable medpay and UIM coverages.

18. Defendant finally tendered payment under Plaintiff's UIM claim on or about July 3, 2013. Defendant finally tendered payment under Plaintiff's medpay claim on or about January 13, 2014.

19. Plaintiff has suffered damages because of Defendant's unreasonably acts, omissions and delay.

## CAUSE OF ACTION

### I. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

20. Paragraphs 1-19 are incorporated herein by reference.

21. In its handling of Plaintiff's claims for medpay and UIM benefits, and as a matter of routine practice in handling similar claims, Defendant breached its contract and duty to deal fairly and in good faith with the Plaintiff and others in the following respects:

   a.   Failing to disclose the existence of coverage under the policy when Defendant knew that Plaintiff was entitled to those benefits;

b. Failing to pay Plaintiff the insurance benefits that she was entitled to under the policy at the time when Defendant knew the Plaintiff was entitled to those benefits;

c. Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

d. Refusing to honor Plaintiff's claims without legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

e. Unreasonably denying payment of medpay benefits when there was no dispute that Plaintiff's medical bills incurred from her injury were covered under the policy;

f. Unreasonably delaying payment of benefits and denying Plaintiff's claims for benefits without reasonable basis;

g. Refusing to pay Plaintiff's claim for reasons contrary to the public policy of this state and contrary to the express provisions of the law;

h. Intentionally and recklessly misapplying the provisions of the policy;

i. Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that it owed by virtue of the applicable coverage provisions;

j. Failing to properly investigate the Plaintiff's claims for benefits;

k. Failing to properly evaluate the investigation that was done on Plaintiff's claims for benefits;

l. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policy including the claims of the Plaintiff;

m. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claims;

n. Refusing to communicate and provide information regarding the claims reported to Defendant; and

o. Forcing Plaintiff to file a lawsuit to recover benefits she due under the policy.

22. As a direct result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered delay in receipt of funds owed, inconvenience, mental and

emotional distress, anxiety, embarrassment, medical expenses and financial hardship, in excess of Seventy-Five Thousand Dollars ($75,000.00).

23. Plaintiff has retained an attorney to prosecute this action and is thus entitled to a reasonable and necessary attorney fee as well as the costs expended in pursuit of this litigation.

24. Defendant acted in reckless disregard of the rights and coverage afforded to Plaintiff, and all other persons insured under said policy, contrary to Oklahoma law. Furthermore, Defendant intentionally, maliciously and recklessly failed to adhere to the policy language when it failed to promptly and reasonably provide Plaintiff the benefits to which she was entitled under the policy and Oklahoma law. Accordingly punitive damages should be awarded against Defendant.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual and punitive damages, reasonable attorneys' fees, costs of the action, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

/s/Donald E. Smolen, II
Donald E. Smolen, II (OBA# 19944)
David A. Warta (OBA #20361)
Laura M. Lauth (OBA #22619)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorneys for Plaintiff*

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 24th day of September, 2014, the above and foregoing was submitted to the Clerk of Court *via* the ECF System for filing and for transmittal of a notice of electronic filing to the following:  Brad Roberson and Erin Rooney.

                                                    /s/Donald E. Smolen, II